**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 98-10059
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM PETERSON,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Northern District of Texas
(4:97-CR-94-2-A)

---

September 3, 1989

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

William Peterson appeals his guilty-plea conviction and sentence for five counts of possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. Peterson argues that the district court erred in determining the amount of marijuana attributable to him. The district court did not err in basing its determination on hearsay evidence that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

officers obtained from coconspirators. *See United States v. Gaytan*, 74 F.3d 545, 558 (5th Cir.), *cert. denied*, 117 S. Ct. 77, 506 (1996); *United States v. Young*, 981 F.2d 180, 185-86 (5th Cir. 1992). The district court determined that the information contained in the Presentence Report was more credible than Peterson's testimony at the sentencing hearing. *See United States v. Huskey*, 137 F.3d 283, 291 (5th Cir. 1998) (holding that credibility determinations are within the province of the trier-of-fact).

Peterson argues that the district court clearly erred in denying a reduction in his offense level for acceptance of responsibility. Because Peterson minimized his involvement in the drug organization in his presentence interview with his probation officer, the district court did not clearly err in denying a reduction in his offense level for acceptance of responsibility. *See United States v. Vital*, 68 F.3d 114, 120-21 (5th Cir. 1995); *United States v. Wilder*, 15 F.3d 1292, 1299 (5th Cir. 1994).

AFFIRMED.